IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAFFAELE M. PANDOZY, Ph.D.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0952-L |
| | § | |
| **J. MICHAEL WESTON**, individually, and | § | |
| **BENNETT, WESTON & LAJONE, P.C.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants' Motion to Consolidate, filed June 8, 2007; Defendants' Motion to Dismiss, filed June 8, 2007; Defendants' Rule 11 Motion, filed June 29, 2007; Plaintiff's Motion for Summary Judgment, filed October 3, 2007; Defendants' Motion to Extend Time, filed October 4, 2007; Defendants' Motion to Strike Motion for Summary Judgment, filed October 11, 2007; and Plaintiff's [Motion] to Treat His Motion for Summary Judgment as a Motion for Judgment on the Pleadings, filed October 25, 2007. After careful consideration of the motions, briefs, responses, supplements, and applicable authority, the court **grants** Defendants' Motion to Dismiss; and **denies as moot** Defendants' Motion to Consolidate, Defendants' Rule 11 Motion, Plaintiff's Motion for Summary Judgment, Defendants' Motion to Extend Time, Defendants' Motion to Strike Motion for Summary Judgment, and Plaintiff's [Motion] to Treat His Motion for Summary Judgment as a Motion for Judgment on the Pleadings.

## I. Procedural and Factual Background

Plaintiff Raffaele M. Pandozy, Ph.D. ("Plaintiff" or "Pandozy") filed this action on May 29, 2007 against Defendants J. Michael Weston, individually, and Bennett, Weston and LaJone, P.C. ("Defendants" or "Weston"). He brings claims for conspiracy pursuant to 18 U.S.C. § 241; fraud pursuant to 18 U.S.C. § 1001; perjury pursuant to 18 U.S.C. § 1621; intimidation and deprivation of civil rights and conspiracy against a United States citizen pursuant to 42 U.S.C. § 1983; obstruction of justice, intimidation of a party, witness or juror pursuant to 42 U.S.C. § 1985(2); injuring or influencing an officer or juror pursuant to 18 U.S.C. § 1503; violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); violations of Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution; violation of Plaintiff's Fifth Amendment substantive due process rights; and violation of Plaintiff's Fourteenth Amendment procedural due process rights. Plaintiff's Verified Complaint 2-4.[1]

In Plaintiff's Verified Complaint ("Complaint"), Pandozy states that this action is derivative of Civil Action No. CA3:07-CV-845-K, *Raffaele M. Pandozy v. Mary Ann Beaty, et al.* ("the 845 Case"), and that the "allegations against Mr. Weston and his firm in this case are the same as [those] stated in the case against Ms. Beaty plus intimidation and obstruction of justice." Complaint 5. Pandozy refers to the 845 Case as the "Underlying Case," and the court, for consistency, will use the same reference. The Underlying Case was filed on May 14, 2007, fifteen days before the instant action. As this case is derivative of the Underlying Case, the court finds the historical perspective

---

[1] Pandozy filed an Amended Verified Complaint on August 20, 2007. After poring over the allegations of that document, the court sees no distinction of substance between the allegations of the two complaints except that Pandozy adds malicious prosecution and wrongful imprisonment claims in the Amended Verified Complaint. In any event, the result is the same under either complaint in light of the applicable law and allegations contained in the complaints.

relating to it quite informative and illustrative and refers to the factual background in the Underlying Case to place this action in proper context.

Pandozy was named as the respondent in a petition for divorce filed by his then wife, Annette Mumphrey Pandozy, in the 303rd District Court of Dallas County, Texas, in Case No. DF-98-5833-V. The divorce action was filed by Mary Ann Beaty on April 8, 1998, and was ultimately terminated with the issuance of a divorce decree on June 6, 2000.

Thereafter, Pandozy filed a *pro se* petition in the 101st District Court of Dallas County against his ex-wife's attorney, Mary Ann Beaty, in Case No. 03-5712-E. On December 4, 2003, the presiding judge, Honorable Jay Patterson, signed an order granting Defendant's motion to dismiss, dismissing Pandozy's petition with prejudice, and awarding $9,000 in attorney's fees to Ms. Beaty.

On December 17, 2003, Pandozy filed a motion for new trial and for recusal. On December 18, 2003, Judge Patterson declined to recuse himself and requested that the Presiding Judge of the First Administrative Region assign a judge to hear the motion to recuse. On February 2, 2004, the Presiding Judge of the 1st Administrative Judicial District, Honorable John Ovard, denied Pandozy's motion to recuse. On February 3, 2004, Plaintiff filed a notice of appeal from the February 2, 2004 order denying his motion to recuse. On April 2, 2004, the clerk of the Fifth District Court of Appeals notified Plaintiff of deficiencies in his attempt to perfect an appeal. On April 25, 2004, the Fifth District Court of Appeals dismissed the appeal for want of prosecution. On May 3, 2004, Pandozy filed a motion for rehearing, and in an opinion issued on July 2, 2004, the appellate court withdrew its prior opinion and held that the motion to recuse was moot and *sua sponte* dismissed the appeal for want of jurisdiction. Pandozy then filed a petition for review in the Supreme Court of Texas, which was initially stricken on August 27, 2004, and was thereafter denied by the court

on November 12, 2004, followed by an order on December 31, 2004, denying his motion for rehearing.

On June 23, 2006, Pandozy filed a petition for bill of review in the 101st District Court attacking the judgment filed on December 4, 2003. On May 9, 2007, the presiding judge, Honorable Martin Lowy, issued a final judgment dismissing the case with prejudice and awarded costs and attorney's fees to Ms. Beaty.[2]

On May 14, 2007, Pandozy filed the Underlying Case.[3] Weston and his law firm represented Beaty in some state litigation and the Underlying Case. Pandozy contends that Beaty was sued in the Underlying Case because she participated in the perpetuation of several felonies, which include fraud, extortion, alteration of medical records, fabrication of evidence, false imprisonment and other felony offenses during the time she represented Pandozy's ex-wife in state court divorce proceedings. He alleges that Weston and his law firm in representing Beaty have "arduously" covered up Beaty's criminal behavior and have prevented various litigation from being heard by a jury on the merits. The magistrate judge made findings, conclusions and a recommendation in the Underlying Case. *See* Report and Recommendation of the United States Magistrate Judge in the Underlying Case. The magistrate judge recommended that the court dismiss the Underlying Case because it lacked jurisdiction under the *Rooker/Feldman* doctrine.[4] The court accepted the

---

[2]The facts come from the Report and Recommendation of the United States Magistrate Judge 1-3. References to footnotes, documents and exhibits have been omitted. Given the overlap between the Underlying Case, which Pandozy readily acknowledges, the court, pursuant to Fed. R. Evid. 201, takes judicial notice of the contents of the file of the Underlying Case.

[3]The parties in the Underlying Case are Mary Ann Beaty; Jay M. Patterson, former judge of the 101st Judicial District Court, Dallas County, Texas; Lisa Matz, clerk, Fifth District Court of Appeals; Martin Lowy, successor to Judge Patterson; and the State of Texas.

[4]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Colombia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

**Memorandum Opinion and Order - Page 4**

recommendation of the magistrate judge, dismissed Pandozy's lawsuit for want of jurisdiction, and issued judgment against him in the Underlying Case. *See* Order and Judgment, both filed August 13, 2007. The Underlying Case is on appeal.

## II. Analysis

The *Rooker/Feldman* doctrine directs that federal district courts are without jurisdiction to hear collateral attacks on state court judgments. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994). "If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court." *Id*. (footnote and citation omitted). Further, a litigant many not circumvent this jurisdictional bar by casting his claims in the form of a civil rights lawsuit. *Id*. Finally, if a constitutional or civil rights claim is "inextricably intertwined" with a state court judgment, *Rooker/Feldman* applies, and a district court has no jurisdiction to entertain such claim. *Id*. at 318.

Pandozy attempts to cast this action as a civil rights lawsuit that is separate and distinct from the state court divorce proceedings and the related state litigation. This action, as Pandozy concedes, stems from and is derivative of his claims in the Underlying Case, which in turn flows directly from the state litigation. This action and the Underlying Case reflect Pandozy's dissatisfaction with the results obtained in the state court proceedings. He effectively requests this court to review what occurred in the state proceedings, or review Defendants' conduct in the state proceedings and the Underlying Case. Casting the current action in terms of civil rights violations is unavailing. Pandozy's real complaint is that he believes he was treated unfairly in state court and that the decisions in the state litigation should not stand. But for what occurred in the state court

proceedings, neither this action nor the Underlying Case would have ever been filed. Thus, the Underlying Case and this action can succeed only by virtue of what occurred in the state court litigation. Without injecting the facts and judicial decisions of the state court litigation, neither the Underlying Case nor this action is viable. Accordingly, the claims of this action are inextricably intertwined with the judgments and decisions of the state courts, and the court lacks jurisdiction to entertain it.

### III. Conclusion

For the reasons herein stated, the court **lacks** jurisdiction to hear this action because of the *Rooker/Feldman* doctrine. Accordingly, the court **grants** Defendants' Motion to Dismiss and **dismisses** this action **without prejudice**. The court also **denies as moot** Defendants' Motion to Consolidate, Defendants' Rule 11 Motion, Plaintiff's Motion for Summary Judgment, Defendants' Motion to Extend Time, Defendants' Motion to Strike Motion for Summary Judgment, and Plaintiff's [Motion] to Treat His Motion for Summary Judgment as a Motion for Judgment on the Pleadings.

**It is so ordered** this 13th day of March, 2008.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge